IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KINI B. SANANAP AND IOWANA M. SANANAP, et al., | CIVIL CASE NO. CV1448-02 |
| Plaintiffs, | |
| v. | DECISION AND ORDER |
| CYFRED, LTD., etc., et al., | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 3, 2012, on Plaintiffs' Request to Decide Plaintiff's Judgment Creditors' Motion for Partial Refund on Certain Court Fees. Attorney Wayson W.S. Wong represented Kini B. Sananap and Iowana M. Sananap, et al., ("Plaintiffs"). Attorney Curtis C. Van de veld represented Cyfred, LTD., et al., ("Defendants"). The Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

## BACKGROUND

The above entitled case was filed on September 27, 2002. Plaintiffs allege in their Complaint that Defendants failed to provide water and sewer lines. Since that time, companion cases in CV1446-06, Yanfag v. Cyfred; and CV1117-09, Anis v. Cyfred were also filed. With respect to the motion now before the Court, Plaintiff is requesting for a partial refund of certain court fees. On August 3, 2011, Plaintiff filed a Motion for Partial Refund of Certain Court

Fees.[1]  The Parties have agreed to a settlement that would settle this case and others but additional time is needed to implement it.  Hence, the Parties have agreed to a Standstill Agreement requesting that no further proceedings take place for this case until after July 29, 2012, except as to those specifically set forth in those agreements, including trying to obtain reimbursement of the plaintiff judgment creditors' execution costs under Plaintiff's Judgment Creditors' Motion for Partial Refund of Certain Court Fees.  See Pl's Status Report to the Court; Exhibit "A-B" (Apr. 2, 2012).

The Court heard Plaintiffs' motion on April 3, 2012, and now issues this Decision and Order.

## DISCUSSION

Plaintiffs move this Court for an order authorizing the Clerk of the Superior Court of Guam to refund to plaintiff creditors $8,550 of the $12,405 in court fees they paid to the Superior Court on April 20, 2011, for their efforts to execute on their First Amended Judgment pursuant to the Third Writ of Execution filed April 19, 2011.  Pl's Judgment Creditors' Mot. for Partial Refund of Certain Court Fees (Aug. 3, 2011).  Plaintiffs make their motion pursuant to GRCP Rule 7 and this Court's inherent jurisdiction and power under 7 GCA §§4101 and 7101.  No opposition was filed.  Pl's Request to this Court to Decide Pl' Judgment Creditors' Motion for Partial Refund of Certain Court Fees (Mar. 29, 2012).

GRCP Rule 7(b)(1) provides:

---

[1] When Plaintiff's request for parital refund was first made, the Court placed the matter under advisement following an August 5, 2011 hearing.  The Court lifted the "under advisement" on September 14, 2011 "in light of continuance of the matter and until the Court received any order from the District Court of Guam awaiting a stauts on the bankruptcy proceedings."  Transcript JDAASCRA (9/14/11) at 10:19:35.

An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

GRCP Rule 7(b)(1).

7 GCA § 4101 (e)(5) requires the Supreme Court of Guam to enact rules governing the efficient dispatch of the Superior Court's business to include "any other matters which affect the prompt, fair and just disposition of cases in the Superior Court."

Plaintiffs also cite to 7 GCA § 7101 relative to the powers of a Judge which provides:

Except as otherwise provided by law the judicial power of the Superior Court with respect to any action or proceeding may be exercised by a single Judge, who may preside alone and hold a regular or special session of the court at the same time as other sessions held by other Judges.

7 GCA § 7101.

Plaintiff creditors were first charged $15,805 in court fees for their execution efforts pursuant to the Third Writ of Execution filed April 19, 2011. Memorandum of Points & Authorities, Exhibit 1 (Aug. 3, 2011). After requesting the Clerk of Court to reconsider, Plaintiffs were charged a reduced fee. Hence, the fees were reduced by $3,400 and Plaintiff creditors were charged $12,405. "Under a reservation of plaintiff creditors' rights to seek a refund, on April 20, 2011, their counsel paid the $12,405 in court fees to move forward on their execution efforts." Memorandum of Points & Authorities (Aug. 3, 2011).

Plaintiffs specifically seek a refund for the filing fee for the one notice of execution sale of real property they filed. Plaintiffs were charged $30 for the notice multiplied by eighty-five (85) lots which equates to $2,550. Plaintiffs further contend that "in the Revised Fee Schedule, [which was the assessment at the time they filed] there is no filing fee listed for the filing of a notice of execution sale." As a result, Plaintiffs argue that "[a] reasonable interpretation of the

Revised Fee Schedule should be that since there is no fee listed for that, plaintiff creditors should not have been charged for that and that they should be refunded the $2,550."Id.

In review of exhibits submitted by Plaintiff creditors, it appears that they were assessed the $30 notice fee under the column in the Revised Fee Schedule labeled: Issuing Writ of Execution, Attachment Sale, Possession (One payment per party per action). See Revised Fee Schedule (Effective Apr. 1, 2011). Utilizing the methodology from the Revised Fee Schedule, Plaintiff creditors were given a reduced rate from the original charge total of $15,805. As a result, $3,400 was deducted from the Notice of Levy on Real Property. Even though the Revised Fee Schedule does not specifically label a fee assessment labeled: Notice of Execution of Sale, the Court finds that the assessment of $2,550 captured through the Revised Fee Schedule category: Issuing Writ of Execution, Attachment Sale, Possession (One payment per party per action), applies in the instant case. The Revised Fee Schedule employs a "one payment per party per action" approach in deriving at the assessed total. Likewise, the court did provide notice for the potential execution sale on Plaintiffs' behalf. Therefore, the Court sees no inequity or unjust application in its fee assessment under this category. Accordingly, because Plaintiff creditors have not satisfactorily proved to the Court that this assessment is unfair, the Court at this time will not refund Plaintiff creditors request for the $2,550 charged as a Notice of Execution Sale.

In addition to Plaintiffs' request for a refund for the notice of execution sale of real property, they request a refund for the Marshal's fee for the execution sale. Plaintiffs were charged $6,375. "They had agreed to the one charge of $75 for the sale, but they seek a refund for the balance of $6,300 charged for that one potential sale, which was derived from the $75 fee multiplied by the other eighty-four (84) lots.

Converse to the "Notice of Execution Sale" under the Revised Fee Schedule heading: Issuing Writ of Execution, Attachment Sale, Possession (One payment per party per action), the Marshal's Fee for Execution of Sale did not express whether the assessment was to apply on a "one payment per party per action" approach. In light of this, the Court agrees with Plaintiff creditors that they should not have been charged 84 more times for the other lots involved in the potential execution sale and that the total charged fee of $6,375 for the one sale involved was unfair. Therefore, the Court orders the Clerk of Court to refund to Plaintiff creditors the amount of $6,300.

## CONCLUSION

The Court orders the Clerk of Court to partially refund Plaintiffs the amount of Six Thousand Three Hundred Dollars ($6,300) for certain Court fees consistent with this Order.

**SO ORDERED** this __11__ day of __May__, 2012.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: W. Wong, C. VanDeVeld

Date: 5-11 Time: 3:00pm

Deputy Clerk, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam, MAY 1 1 2012

_Enrique F. Aflague, Jr._
ty Clerk, Superior Court of Guam

SANANAP v. CYFRED, LTD (CV1448-02)        Page 5 of 5
Decision and Order –